CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 31, 2026

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| LINWOOD FIELDS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:25-cv-00860 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| WARDEN ZOOK, et al., | ) | Senior United States District Judge |
| Defendants. | ) | |

## ORDER

Linwood Fields, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging that an officer at Wallen Ridge State Prison (Wallens Ridge) used excessive force against him in October 2025. The case is presently before the court on Fields's motion for a temporary restraining order. ECF No. 6. For the following reasons, the motion is **DENIED** without prejudice.

A temporary restraining order or preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). A plaintiff seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Id. at 20. In Winter, the Supreme Court "made clear that each of these four factors must be satisfied to obtain preliminary injunctive relief." Henderson v. Bluefield Hosp. Co., LLC, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original) (citing Winter, 555 U.S. at 20, 23).

At this stage of the proceedings, Fields has not met his burden of establishing that preliminary injunctive relief is appropriate. Among other deficiencies, Fields has not shown that "irreparable injury is likely in the absence of [a temporary restraining order]." Winter, 555 U.S. at 22. To the extent Fields seeks to prohibit defendants from retaliating against him, his motion does not provide any factual basis to suggest that such retaliation is likely to occur. Instead, the motion appears to based on "mere speculation," which is "insufficient to serve as the basis for an injunction." Smith v. W. Va. Reg'l Jail & Corr. Facility Auth., No. 3:12-cv-7358, 2013 WL 820584, at *2 (S.D.W. Va. Mar. 5, 2013); see also Winter, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."); Williams v. Maryland, No. 8:09-cv-0879, 2011 WL 3422825, at *9 (D. Md. Aug. 3, 2011) (concluding that "unsubstantiated fears" of retaliation were "simply too speculative to amount to irreparable harm").

Additionally, "the decision about where to house any particular inmate is generally committed to the discretion of the state's prison officials, and a federal court must show deference to such decisions." Ofori v. Fleming, No. 7:20-cv-00344, 2021 WL 4527248, *3 (W.D. Va. Oct. 4, 2021) (citing Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980)). While Fields may prefer to be confined somewhere other than Wallens Ridge, he has not shown that the public interest would be served by requiring prison officials to transfer him to another facility. See Taylor v. Freeman, 34 F.3d 266, 274 n.7 (4th Cir. 1994) (noting, in vacating a preliminary injunction, that the district court failed to adequately account for "the degree to

2

which the public interest is disserved when federal courts assume the role of state prison administrators").

For these reasons, Fields's motion for a temporary restraining order, ECF No. 6, is **DENIED** without prejudice. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: March 30, 2026

Michael F. Urbanski
U.S. District Judge
2026.03.30
15:54:26 -04'00'

Michael F. Urbanski
Senior United States District Judge

3